SCHOOLS
The provisions of 70 O.S. 6-101 [70-6-101] (1971) and 70 O.S. 6-122 [70-6-122] (1976), respectively relating to teachers' continuing employment contracts and tenure, are not in violation of Article 10, Section 26 of the Oklahoma Constitution. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Are the provisions of 70 O.S. 6-101 [70-6-101] (1971) and 70 O.S. 6-122 [70-6-122] (1976), respectively relating to teachers' continuing employment contracts and tenure, in violation of Article 10, Section 26 of the Oklahoma Constitution, which prohibits contracting with certified personnel for periods extending one (1) year beyond the current fiscal year? Title 70 O.S. 6-101 [70-6-101] (1971), provides in relevant part: "E. A board of education shall have authority to enter into written contracts with teachers for the ensuing fiscal year prior to the beginning of such year. If, prior to April 10, a board of education has not entered into a written contract with a regularly employed teacher or notified him in writing by registered or certified mail that he will not be employed for the ensuing fiscal year, and if, by April 25, such teacher has not notified the board of education in writing by registered or certified mail that he does not desire to be reemployed in such school district for the ensuing year, such teacher shall be considered as employed on a continuing contract basis and on the same salary schedule used for other teachers in the school district for the ensuing fiscal year, and such employment and continuing contract shall be binding on the teacher and on the school district . . . ." (Emphasis added) Title 70 O.S. 6-122 [70-6-122] (1976), provides in relevant part: "The failure by the board of education to renew the contract of any teacher who has completed three (3) years shall not be effective, and the contract shall be renewed unless the board causes to be served on the teacher a written statement of the causes for such action which must include one of the following: immorality, wilful neglect of duty, cruelty, incompetency, teaching disloyalty to the American constitutional system of government, or any reason involving moral turpitude." Your question asks if the continuing employment and tenure provisions of the above-quoted statutes are in violation of Article 10, Section 26 of the Oklahoma Constitution. This Section provides in relevant part: "Except as herein otherwise provided, no county, city, town, township, school district, or other political corporation, or subdivision of the state, shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year without the assent of three-fifths of the voters thereof, voting at an election, to be held for that purpose. . . and provided further that nothing in this section shall prevent any school district from contracting with certified personnel for periods extending one (1) year beyond the current fiscal year, under such conditions and limitations as shall be prescribed by law. (Emphasis added) From a review of these provisions, and based upon prior opinions from this office, your question must be answered in the negative. A plain reading of the constitutional provision above referred reflects that the constitutional prohibition against incurring an indebtedness which may exceed, in any year, the income and revenue provided for such year, expressly excludes school districts contracting with certified personnel. In addition to this express exclusion, this office has repeatedly held in prior opinions that the so-called "continuing contract", as referred to in 70 O.S. 6- [70-6-] 101 and 70 O.S. 6-122 [70-6-122] supra, is not legally a contract of continuing duration. As stated in a most recent opinion from this office, Okl.Op.A.G. (Opinion No. 76-378): "It has been held in a prior opinion from this office, 4 Okl. Op.A.G. 338 (Opinion 71-360), that the contract period for a teacher as provided by law in Oklahoma begins July 1 and ends June 30. It is apparent from a plain reading of 70 O.S. 6-101 [70-6-101] and 70 O.S. 6-122 [70-6-122], supra, and the prior opinions from this office, that the statutorily referred "continuing contract" is not, in a legal sense, a single employment contract of continuing duration. Such continuing employment legally consists of a series of separate, distinct and annually renewed employment contracts for each ensuing school year . . . ." Based upon a plain reading of Article 10, Section 26 of the Oklahoma Constitution, supra, and in keeping with the prior opinions from this office, it can only be concluded that the system of continuing employment as provided in 70 O.S. 6-101 [70-6-101] and 70 O.S. 6-122 [70-6-122] supra, is not in violation of the constitutional prohibition. It is, therefore, the opinion of the Attorney General that your question be answered in the negative: The provisions of 70 O.S. 6-101 [70-6-101] (1971), and 70 O.S. 6-122 [70-6-122] (1976), respectively relating to teachers' continuing employment contracts and tenure, are not in violation of Article 10, Sections 26 of the Oklahoma Constitution. (R. THOMAS LAY)